IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DERRICK BRADLEY, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| GREYHOUND LINES, INC., | : | |
| Defendant. | : | NO. 11-5715 |
| | : | |

**MEMORANDUM RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S CROSS-MOTION FOR LEAVE TO WITHDRAW AND FILE NEW ANSWERS TO THE REQUEST FOR ADMISSIONS**

**Baylson, J.**                                                                                                   **June 19, 2012**

**I.     Introduction**

This case involves a dispute between Derrick Bradley ("Plaintiff") and his employer, Greyhound Lines, Inc. ("Defendant") regarding injuries he sustained on August 25, 2009 while commuting to work as a passenger on a Greyhound bus. On February 29, 2012, Defendant filed a Motion for Summary Judgment under Federal Rule of Civil Procedure 56. (ECF No. 9) The Motion alleges that Plaintiff failed to timely respond, as required under Rule 36, to a Request for Admissions served on November 15, 2011. Accordingly, Defendant seeks to have the Court deem all matters in the Request admitted and binding upon Plaintiff pursuant to Rule 36; those admissions, in Defendant's view, would render the case appropriate for disposition by summary judgment in its favor.

The Court held an unrecorded pretrial conference with counsel on March 1, 2012 regarding Defendant's Motion. Pursuant to the discussion at conference, the Court entered an Order the following day setting the briefing schedule and directing the parties to engage in

1

limited discovery regarding Plaintiff's employment status at the time of the accident. (ECF No. 10) Plaintiff's employment status bears heavily upon the substantive legal issue raised in the Motion—namely, the proper application of a state common law doctrine known as the "coming and going rule."

The "coming and going rule" bars compensation under the Pennsylvania Workers' Compensation Act ("the Act"), subject to certain exceptions, for injuries suffered by an employee in the course of commuting to and from work. See, e.g., Wachs v. Workers' Comp. App. Bd., 584 Pa. 478, 483-84 (2005). Defendant's Motion, which raises a question of first impression under Pennsylvania law, argues that the "coming and going rule" does not bar compensation under the Act when a plaintiff is injured while riding to work free of charge, as a "perk" of his employment,[1] on a vehicle operated by his employer. If Defendant is correct, the case cannot proceed in federal court at this time, and Plaintiff is confined to the legal remedies available within Pennsylvania's workers' compensation system. See Workers' Compensation Act, § 303(a), 77 Pa. Cons. Stat. Ann. § 481(a).

On March 26, 2012, Plaintiff filed his responsive brief and cross-moved for leave to file new answers to the Request for Admissions. (ECF No. 11) In his responsive brief, Plaintiff counters Defendant's argument that he is eligible to receive compensation under the Act by pointing to payroll and employment records showing that he was not compensated during the time he was commuting. Accordingly, in Plaintiff's view, he was not acting in the course of his employment at the time of the accident, he is not eligible to recover under the Act, and he therefore can maintain this suit. Plaintiff also asserts that he was unaware of the outstanding

---

[1] But not as a requirement of his employment.

2

Request for Admissions until Defendant filed its Motion for Summary Judgment, at which time Plaintiff immediately faxed Defendant a response. See Pl. Exh. C. Plaintiff therefore seeks leave under Rule 36(b) to have the admissions entered by default withdrawn and his answers of March 1, 2012 considered as timely.

On April 9, 2012, Defendant filed a reply brief, and on April 24, 2012, the Court held oral argument on the Motions. Audio File 4/24/12 (ECF No. 15). At argument, the Court directed counsel for Plaintiff to submit an affidavit explaining his internal document and case management procedures as well the reasons for his failure to timely respond to the Request for Admissions. Plaintiff filed his affidavit on April 30, 2012. (ECF No. 17)

The Court turns now to the merits of the pending Motions.

## II.     Factual Background

Because only limited discovery has taken place, the factual record is not fully developed. The undisputed facts in the record at this time are as follows. Plaintiff has been employed by Defendant as a bus driver for over thirteen years. Pl. Exh. B. According to Defendant's payroll records, Plaintiff got off work at 1:25 a.m. on August 25, 2009, the date of the accident. Pl. Exh. A. Plaintiff's next scheduled run was set to commence in New York City at 9:00 p.m. that evening. Id. Plaintiff commuted to the 9:00 p.m. run from his home in Mount Laurel, NJ by riding a Greyhound bus. Pl. Exh. B. He was able to ride the bus for free because Greyhound allows employees and their families to ride free of charge anywhere in the United States. Id.

At approximately 6:10 p.m., while Plaintiff was riding as a passenger on the Greyhound bus to New York, the bus suffered a collision, and Plaintiff was injured. Id. Greyhound's payroll records reflect that Plaintiff was not paid during the period he was commuting to work, including

during the time of the accident.  Pl. Exh. A.

**III.     Legal Standard**

    **A.  Motion for Leave to Withdraw/File New Answers to the Request for Admissions**

Under Federal Rule of Civil Procedure 36(b), a matter is conclusively established if a party fails to respond within 30 days after being served with a request for admission, unless the court, on a motion, permits the admission to be withdrawn or amended.  A court may permit withdrawal or amendment "if it would promote presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."  Fed. R. Civ. P. 36(b).  Where a party against whom admissions are entered is not granted relief under Rule 36(b), the admissions may be sufficient to support summary judgment.  Langer v. Monarch Life Ins. Co., 966 F.2d 786, 803 (3d Cir. 1992).

    **B.  Motion for Summary Judgment**

A district court should grant a motion for summary judgment if the movant can show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A factual dispute is "material" if it "might affect the outcome of the suit under the governing law."  Id.

Where the non-moving party bears the burden of proof on a particular issue at trial, the moving party's initial burden can be met simply by showing the district court that "there is an absence of evidence to support the nonmoving party's case."  Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  The party opposing summary judgment must rebut by making a factual

showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322. The district court may grant summary judgment "[i]f the evidence is merely colorable, or is not significantly probative." Anderson, 477 U.S. at 249 (internal citations omitted). Under Rule 56, the Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in favor of the non-movant. Id. at 255 (citing Adickes v. S. H. Kress & Co., 398 U.S. 144, 158-59 (1970)).

**IV.      Discussion**

The Court first addresses Plaintiff's Cross-Motion for Leave to Withdraw and File New Answers to the Request for Admissions. As they currently stand, the admissions—in particular, the admission that Plaintiff was acting within the course of his employment during the bus accident—would necessitate a grant of summary judgment in favor of Defendant. However, in the circumstances presented here, the Court will exercise its discretion to grant relief to Plaintiff pursuant to Rule 36(b).

The Court has reviewed the affidavit from Plaintiff's counsel regarding his internal discovery and case management procedures and is underwhelmed by counsel's explanation for his failure to timely respond to the Request for Admissions. Such a failure would not have occurred had counsel maintained an adequate intake and filing system for discovery motions; the Court urges—and expects—counsel to implement more rigorous procedures to prevent similar mistakes in the future. Nevertheless, the Court declines to treat the original admissions as conclusive, which would serve only to punish the client for his lawyer's conduct. Rather, because granting relief will not prejudice Defendant from obtaining evidence or defending its

case on the merits, the Court will grant the relief requested in Plaintiff's Cross-Motion. Plaintiff's faxed answers of March 1, 2012 will be construed as timely under Rule 36 for purposes of deciding Defendant's Motion for Summary Judgment.  See Pl. Exh. C.

Accordingly, the Court turns now to the merits of Defendant's Motion.  As explained above in this Memorandum, Plaintiff is prohibited from proceeding in this Court by § 303 of the Workers' Compensation Act unless his claims fall under the "coming and going rule," which provides that injuries suffered by an employee in the course of traveling to and from work generally are not compensable.  See Wachs v. Workers' Comp. App. Bd., 584 Pa. 478, 483-84 (2005).  In support of his position that the "coming and going rule" applies, Plaintiff asserts that it is irrelevant that he was traveling to work free of charge on a Greyhound bus, because he was an ordinary passenger during the commute and was not required by Greyhound to use that form of transportation.  Plaintiff cites to decisions of Pennsylvania's lower courts holding that the "coming and going rule" is applicable even where an employee commutes to work in a vehicle provided to him by his employer, such as a company car.  See, e.g., Olszewski v. Workmen's Comp. App. Bd., 648 A.2d 1255 (Pa. Cmwlth. 1994); see also Schiavone v. Aveta, __ A.3d __ (Pa. Super. Mar. 20, 2012) ("[T]he fact that an employee is injured while traveling to or from work in the employer's vehicle does not per se establish that the injury was in the course of employment.").

Defendant, on the other hand, argues that Plaintiff falls under one of the four exceptions to the "coming and going" rule.  Those four exceptions include: (1) the employee's employment contract includes transportation to and from work; (2) the employee has no fixed place of work; (3) the employee is on a special assignment for the employer; or (4) special circumstances are

such that the employee was furthering the business of the employer. See, e.g., Olszewski, 648 A.2d at 1257. Defendant contends in its reply brief that Plaintiff is subject to the "employment contract" exception to the rule, because Greyhound allows all employees to ride its buses free of charge as a benefit of their employment. At oral argument, Defendant also argued that Plaintiff might be subject to the "special circumstances" exception. See Audio File 4/24/12, at 19:00-20:00 (ECF No. 15).

Defendant relies, inter alia, on Wachs v. Workers' Comp. App. Bd., 584 Pa. 478, 483 (2005) to substantiate its claims. In Wachs, an employee was injured in a company car on his way to work. The Pennsylvania Supreme Court held that the employee qualified for the "employment contract" exception to the "coming and going" rule. Unlike previous Pennsylvania decisions, such as the decision in Olszewski (which Plaintiff relied upon in his responsive brief), the Supreme Court in Wachs did not require proof of a written employment contract in order to apply the contractual exception. Rather, the Court applied a "totality of the circumstances" test to determine whether the terms of employment included provision of a company car for commuting. Wachs, 584 Pa. at 485.

In reviewing the parties' contentions, the Court notes as a threshold matter that neither Plaintiff nor Defendant have cited a case binding upon the Court in its evaluation of this Motion. Plaintiff's best cases were decided by lower Pennsylvania courts. Defendant's best case, though decided by the state Supreme Court, is distinguishable from the facts here. As this Court explained to Defendant at oral argument, the Wachs facts were unique in that the record contained undisputed evidence that the employee had accepted employment contingent on receiving a company car. See Audio File 4/24/12, at 16:00-17:00 (ECF No. ); Wachs, 584 Pa. at

7

485 ("[There was an] understanding between the [employee] and the employer that the only way he would return to work for [the employer] would be if he had a company car which served the purpose of providing transportation going back and forth to work.").

Furthermore, all of the cases cited by the parties in their briefs and at oral argument reached a decision regarding the application of the "coming and going rule" only <u>after</u> a full evidentiary record was developed before the Workers' Compensation Board or otherwise. The parties admitted at oral argument that they have been unable to locate any case in which a court decided the application of the "coming and going rule" as a matter of law, without submitting the inquiry to a factfinder. Audio File 4/24/12, at 20:00-22:00 (ECF No. 15). This Court has been similarly unable to find such a case.

In light of the above, the Court does not consider the issue of the "coming and going rule" appropriate for disposition at this time. Although the parties have conducted limited discovery related to the issues raised in this Motion, they have not conducted discovery broad enough to establish a record sufficient for the Court to determine as a matter of law whether, <u>vel non</u>, the exceptions to the "coming and going rule" apply to Plaintiff. Indeed, even if discovery were complete, this Court would be inclined to interpret at least one of the exceptions—that is, the "special circumstances" exception—as a factual dispute better left to the jury. This is especially so because Pennsylvania law regarding the "coming and going rule" is unclear, and courts confronting the issue have reached different conclusions on similar facts.

**V.   Conclusion**

The Court has carefully considered all of the parties' arguments. For the reasons set forth above, Plaintiff's Motion for Leave to Withdraw and File New Answers to the Request for

Admissions is GRANTED, and Defendant's Motion for Summary Judgment is DENIED.

An appropriate Order follows.

O:\CIVIL 11-12\11-5715 Bradley v. Greyhound\Bradley SJ Memo.wpd